IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAUL ANTHONY BOGAN, JR., # 13813-003                      PLAINTIFF

VERSUS                           CIVIL ACTION NO. 3:18-CV-576-DPJ-FKB

WARDEN CHERON Y. NASH, ET AL.                      DEFENDANTS

ORDER OF PARTIAL DISMISSAL

This pro se prisoner case is before the Court, sua sponte, for consideration of dismissal. Plaintiff Paul Anthony Bogan, Jr., is incarcerated with the Bureau of Prisons. He brings this action challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Dr. Natal-Castro is dismissed.

I.      Background

Bogan alleges that he is a resident of Alabama and is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. Bogan contends that he worked in the prison's kitchen. Defendants are employed at the prison: Warden Cheron Y. Nash, Food Administrator Pacson, Safety Coordinator S. White, Dr. Natal-Castro, and Nurse Anjanette Baity.

On August 24, 2017, Bogan says he was working in the prison's kitchen when a gas explosion injured him. The explosion allegedly resulted from a gas leak and faulty outlets that sparked. Bogan maintains that for at least seven months he and others had complained to Pacson and White about the smell of gas and "being shocked constantly" by the outlets. Compl. [1] at 7. Bogan says the explosion caused another inmate to be thrown into him resulting in ear pain, tinnitus, headaches, and post-traumatic syndrome.

Bogan complains that it took over four months before he was properly treated for his physical injuries, even though he had requested treatment. In the meantime, Bogan alleges that Nurse Baity had him use wax remover for his ears. On January 11, 2018, Bogan claims he "was finally properly assessed" by Dr. Natal-Castro. Compl. Ex. [1-1] at 15. Among other things, Natal-Castro allegedly indicated that Nurse Baity should not have put wax remover in Bogan's ears because they were injured.

Bogan brings this action for damages, specifically invoking 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"). Bogan appears to assert the FTCA negligence claims against Warden Nash in her official capacity. Bogan brings Eighth Amendment claims for deliberate indifference against Pacson, White, Dr. Natal-Castro, and Baity.

II.  Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding in forma pauperis in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of

process or before the filing of the answer." *Id.* The Court has permitted Bogan to proceed in forma pauperis in this action. The Complaint is subject to sua sponte dismissal under § 1915.

Among others, Bogan sues Dr. Natal-Castro under § 1983 for denial of medical treatment. Natal-Castro is a federal actor, not a state actor. Therefore, this doctor may not be sued under § 1983. *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999). Rather, individual federal actors may be liable for constitutional violations under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). The Court therefore construes the constitutional claim as arising under *Bivens*.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994). Deliberate indifference occurs when the official subjectively "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Bogan sues Dr. Natal-Castro for the way the doctor handled his medical care, yet Bogan says this defendant treated him properly. There is no suggestion Natal-Castro disregarded Bogan's medical issues; therefore, the claim against her is frivolous.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claim against Defendant Dr. Natal-Castro should be, and is hereby, **DISMISSED WITH PREJUDICE** as frivolous. The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE