IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAUL ANTHONY BOGAN, JR.                                                              PLAINTIFF

VS.                                                         CIVIL ACTION NO.  3:18cv576-DPJ-FKB

UNITED STATES OF AMERICA                                                          DEFENDANT

## REPORT AND RECOMMENDATION

This is an action filed by Paul Anthony Bogan, Jr., pursuant to 42 U.S.C. § 1983, in which he seeks compensation for physical and psychological injuries he sustained on August 24, 2017, while he was incarcerated and working as an employee of the Federal Correctional Complex ("FCC") Yazoo City-Medium Food Services. [1] at 4; [7] at 13. He also seeks compensation for claims of subsequent negligent medical treatment. [7] at 2, 5. Before the Court are Defendant's Motion to Dismiss [31] and Plaintiff's Motion for Summary Judgment, or in the alternative, Motion for Default Judgment [37]. For the reasons set forth in this Report and Recommendation, the undersigned recommends that this action be dismissed.

**I.     Procedural History and Discussion**

After his initial filing, Bogan clarified that he did not allege claims of constitutional violations against the originally named defendants.[1] *See* [7] at 5, 12. Thereafter, the defendants moved to substitute the United States of America as the sole defendant for all claims in the action, asserting that the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2679(b)(1), provides the exclusive remedy for Plaintiff's claims of negligence related to his injury and subsequent medical treatment. *See* [29], [30]. After Plaintiff failed to file any opposition, the Court granted the motion. *See* [36].

---

[1] Warden Cheron Y. Nash, Food Administrator Pacson, S. White, and Anjanette Baity, employees of the Federal Correctional Complex – Yazoo City, were initially named as Defendants. *See* [1] at 1; [7] at 3.

Defendant has moved to dismiss the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [31] at 1. The United States argues that Plaintiff has failed to exhaust his administrative claims with the appropriate federal agency before filing suit. [32]. Plaintiff responds that he submitted an FTCA tort claim about the incident on April 1, 2019, approximately eight months after he initiated this action. [33] at 2. Plaintiff has also provided documentation that his FTCA claim was denied during the pendency of this case. See [37-1] at 1-2.

Exhaustion of the administrative remedy found in 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to suit. *McNeil v. United States*, 508 U.S. 106 (1993)(FTCA prisoner case). Such jurisdiction must exist at the time of filing. *See Gregory v. Mitchell*, 634 F.2d 199, 203-204 (5th Cir. 1982)(citing *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975)). Because the FTCA is a waiver of sovereign immunity, the statute must be strictly construed, and therefore, claims must strictly comply with its terms. *Hinojosa v. United States Bureau of Prisons*, 506 Fed. App'x 280, 282-283 (5th Cir. 2013). "As a result, even if the administrative claim has become exhausted since the time of filing the complaint, the district court should nonetheless dismiss the claim." *Id.* at 282. Thus, if Plaintiff's claim falls under the FTCA, this case should be dismissed based on Plaintiff's failure to exhaust his FTCA administrative remedies before initiating this case.

However, it appears that Plaintiff's claims are governed by the Bureau of Prisons' Inmate Accident Compensation ("IAC") procedures set forth in 28 C.F.R. § 301.101, *et seq.* These procedures provide the "exclusive means of recovery for [a] prison-employee's work-related injuries." *Walker v. Reese*, 364 Fed. App'x 872, 876 (5th Cir. 2010)(citing *United States v. Demko*, 385 U.S. 149 (1966)). These regulations were promulgated pursuant to 18 U.S.C. §

2

4126(c)(4), which provides that the Prison Industries Fund may be used to compensate "inmates . . . for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." Moreover, 28 C.F.R. § 301.319 provides that:

> [i]nmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act (28 U.S.C. [§] 2671 *et seq*.). Recovery under the Inmate Accident Compensation procedure was declared by the U. S. Supreme Court to be the exclusive remedy in the case of work-related injury. *U. S. v. Demko*, 385 U.S. 149 (1966).

28 C.F.R. § 301.319 (2016).

Plaintiff alleges in his complaint that his injuries occurred in the course and scope of his work at FCC Yazoo City-Medium Food Services. [1] at 6; [7] at 5, 13. While he asserts that Defendant created the conditions that led to his injury, the FTCA does not provide the remedy for a work-related injury. "*Demko* makes clear that § 4126 is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980).[2] The IAC is also the exclusive remedy for claims derivative of the injury, such as claims related to the "alleged negligence of prison staff in providing him or failing to provide him medical care after the work-related injury occurred." *Walker v. Reese*, 2008 WL 4426123, *14 (S.D. Miss. Sept. 25, 2008)(collecting cases), *aff'd*, 364 Fed. App'x 872 (2010). To be sure, the Supreme Court in *Demko* stated that "[u]ntil Congress decides differently we accept

---

[2] The Bureau of Prisons has likewise informed Bogan that the IAC is the exclusive remedy for his claim. *See* [37-1] at 1.

the prison compensation law as an adequate substitute for a system of recovery by common-law torts." *Demko*, 385 U.S. at 153.

Because the IAC system provides the exclusive remedy against the government for Plaintiff's work-related injuries that he suffered as a prison employee, the Court lacks jurisdiction to adjudicate his FTCA claim and any derivative tort claim, including his claims for personal injury, psychological injury, and negligent medical care. *See Walker*, 364 Fed. App'x at 876. Accordingly, Bogan's FTCA claim against the United States, including his derivative claims of personal injury, psychological injury, and negligent medical care, should be dismissed without prejudice.

## II. Conclusion

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [31] be granted and that the complaint be dismissed without prejudice for lack of jurisdiction. The undersigned recommends that Plaintiff's Motion for Summary Judgment or Motion for Default Judgment [37] be denied as moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of January, 2020.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

4